UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Elberta Marshall and Tyree Winfrey,<br>    *Plaintiff*s,<br><br>         *v.*<br><br>New Horizons, Inc.,<br>    *Defendant.* | Civil No. 3:08cv633 (JBA)<br><br><br><br>September 14, 2009 |

ORDER ON PLAINTIFFS' MOTION TO STRIKE [Doc. # 30]

After Plaintiffs Elberta Marshall and Tyree Winfrey filed their First Amended Complaint alleging that Defendant New Horizons, Inc. engaged in intentional housing discrimination in violation of the Fair Housing Act (Am. Compl. [Doc. # 12]), New Horizons asserted eight affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c) (Answer [Doc. # 28] at 6–7). Plaintiffs have moved under Rule 12(f) to strike two of these affirmative defenses: that their action "is barred, in whole or in part, by" either of "the doctrines of collateral estoppel[] and res judicata," or "the defense of fraudulent inducement." (Pls.' Mot. Strike [Doc. # 30].) New Horizons argues that questions of law or fact preclude the striking of these defenses, and that Plaintiffs have not demonstrated that they have suffered or will suffer sufficient prejudice from the inclusion of these defenses.

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The parties agree on the showing a plaintiff must make in moving to strike:

> [T]o prevail on a motion to strike an affirmative defense, Plaintiffs must establish that: (1) there is no question of fact that might allow the defense to

succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) they would be prejudiced by the inclusion of the defense.

*MTA Metro-North R.R. v. Buchanan Marine, L.P.*, No. 3:05cv881 (PCD), 2006 WL 3544936, *3 (D. Conn. Dec. 8, 2006) (internal citations omitted).

Here, Plaintiffs have not demonstrated that "they would be prejudiced by the inclusion of the defense." They do not assert that they have incurred any prejudice by Defendant's assertion of fraudulent inducement, and the prejudice they claim from the inclusion of Defendants' affirmative defense of res judicata and collateral estoppel—that they did not "seek leave to file more than 25 interrogatories" because they were unaware that Defendant would assert this affirmative defense, and that they "will be forced to expend scarce resources to address it," including both "attorney time" and "valuable discovery tools" (Pls.' Mot. Strike at 4)—is insufficient because Defendant has indicated that it "is willing to consent to responding to additional interrogatories regarding the [affirmative defense of red judicata and collateral estoppel] if it would . . . alleviate the Plaintiffs' purported concerns regarding prejudice" (Defs.' Opp'n [Doc. # 36] at 3).

For the foregoing reason, Plaintiffs' Motion to Strike [Doc. # 30] is DENIED.

                IT IS SO ORDERED.

                /s/
                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of September, 2009.